UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                        :

WILLIAM DOGGETT,                  :

                                          :

                      Plaintiff,     :        12 Civ. 2692 (KPF)

            v.                :

                                          :       OPINION AND ORDER

CITY OF NEW YORK,         :

                                          :

                    Defendant.    :

                                          :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/12/2013

KATHERINE POLK FAILLA, District Judge:

      Plaintiff William Doggett, proceeding *pro se*, initiated this action on April 3, 2012, under 42 U.S.C. § 1983 and New York State law, alleging claims for false arrest and illegal search against "John Doe arresting officer," and claims for false prosecution and negligence against various New York State judges and an assistant district attorney.  Plaintiff subsequently dropped his claims for false arrest and illegal search, while the Court dismissed Plaintiff's claims against the state court judges and prosecutor for malicious prosecution and negligence, leaving the City of New York (the "City") as the only remaining Defendant.  Defendant City now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim.  For the reasons discussed in the remainder of this Opinion, Defendant's motion is granted.

## BACKGROUND

### A.    Factual Background

      In considering this motion, the Court is limited to the facts stated in the Complaint and the documents incorporated by reference therein.  *Int'l*

*Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[T]he complaint is deemed to include any [ ] documents incorporated in it by reference." (quoting *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991))).  The Court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data.  *Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991) (holding that a court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201); *see also Awelewa* v. *New York City*, No. 11 Civ. 778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (observing that judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data (citing *Wims* v. *New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011))).  Where the Court takes judicial notice, it does so "in order to determine what statements [the public records] contained ... not for the truth of the matters asserted."  *Roth* v. *Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks and emphases omitted) (quoting *Kramer*, 937 F.3d at 774).

The following facts are taken from Plaintiff's Complaint ("Compl."), Amended Complaint ("Am. Compl."), and the materials attached thereto, which included materials from the criminal case filed against Plaintiff in New York County Criminal Court and assigned Docket No. 2009NY00896.

### 1.     The February 1, 2009 Arrest

Plaintiff alleges that he and a co-defendant were arrested on February 1, 2009, for the sale of a controlled substance.  (Compl. 6).  Plaintiff further alleges that in the course of the arrest, Plaintiff was illegally searched.  (*Id.* 7-8).[1]  Among other things, Plaintiff alleges he was strip-searched at the police station shortly after his arrest.  (*Id.*).

### 2.     The Subsequent Criminal Prosecution of Plaintiff

Plaintiff alleges that on or about March 9, 2009, his criminal defense attorney, Assistant District Attorney William Mason, Judge Koenderson, and "all defendants" conspired to "secret[ly] … convert the misdemeanor complaint."  (Compl. 2, 9).  Plaintiff alleges that the "Defendants mention[ed] moved a non-hearsay based misdemeanor complaint influencing the process, acting like they had true jurisdiction to convert the complaint, (2009NY008916) without maintain[ing] the integrity of the process."  (*Id.* 1).

Plaintiff alleges at various points in the Complaint and Amended Complaint that the criminal action was dismissed on March 28, 2011, April 18, 2011, and April 18, 2012.  (Compl. 3; Am. Compl. 20, 23).  The Certificate of Disposition indicates that the action was dismissed on March 28, 2011, pursuant to New York's speedy trial statute, C.P.L. § 30.30.  (Compl. 8; Am. Compl. 31).

---

[1]     The Certificate of Disposition issued by the New York County Criminal Court ("Certificate of Disposition"), which was attached to the Complaint, shows the date of arrest as January 30, 2009.  (Compl. 8).  For the purposes of this Opinion, the difference is immaterial and the Court adopts the arrest date alleged by Plaintiff.

**B.    The Instant Action**

Plaintiff filed this action on April 3, 2012, alleging claims of false arrest and illegal search against "John Doe arresting officer."  (Dkt. #2; Compl. 1). Plaintiff also alleged that he was maliciously prosecuted by A.D.A. William Mason, and Judges Koenderson, Mella, Gerstein, and Mandelbaum; Plaintiff asserted negligence claims against those Defendants as well.  (Compl. 3.)  The City was also named as a Defendant.  (*Id.* 1).  By Order dated April 20, 2012, the Honorable Andrew L. Carter, the United States District Judge then assigned to the case, dismissed the claims against A.D.A. Mason and Judges Koenderson, Mella, Gerstein, and Mandelbaum *sua sponte*.  (Dkt. #7).

Plaintiff filed an Amended Complaint on June 28, 2012, which omitted claims against "John Doe arresting officer"; reasserted claims against the City; reinstated claims against A.D.A. Mason and Judges Koenderson, Mella, Gerstein, and Mandelbaum; and added for the first time Judge Amaker as a defendant.  (Dkt. #10; Am. Compl. 1).  Judge Carter dismissed all defendants named in the Amended Complaint except the City of New York by Order dated August 7, 2012.  (Dkt. #11).

This case was reassigned to the undersigned on June 25, 2013.  (Dkt. #16).  Defendant City filed its motion to dismiss on September 3, 2013.  (Dkt. #21).  Instead of timely filing his opposition on October 8, 2013, Plaintiff filed a motion for default judgment against the City.  (Dkt. #27).  Plaintiff alleged that Defendant should have filed its motion to dismiss on April 9, 2013; objected to the Court's grant of an extension of the time within which to file Defendant's

motion to dismiss (Dkt. #20); and reiterated his objections to the Court's previous dismissals of claims asserted against Judges Koenderson, Mella, Gerstein, Mandelbaum and A.D.A. Mason on April 25, 2012 (Dkt. #7), and against Judge Amaker on August 7, 2012 (Dkt. #11).  The Court denied Plaintiff's motion on October 10, 2013.  (Dkt. #28).

Plaintiff failed to file any opposition to the instant motion to dismiss.  On October 29, 2013, the Court granted Defendant's request to deem the motion fully submitted.  (Dkt. #30).

## DISCUSSION

### A.   The Standard of Review

When considering a motion under Rule 12(b)(6), the Court should "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  Fed. R. Civ. P. 12(b)(6); *Faber* v. *Metropolitan Life*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 548 F.3d 82, 88 (2d Cir. 2009)).  A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("[W]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).  "[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise

5

the strongest arguments that they suggest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

The Court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Hennenman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Harris* v. *Mills*, 572 F. 3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009))).

**B.    Application**

**1.    Plaintiff Has Failed to State a Claim for Municipal Liability**

Municipalities may be sued directly for constitutional violations pursuant to 42 U.S.C. § 1983, *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), but cannot be held liable for the acts of their employees under the doctrine of *respondeat superior*. *Pembaur* v. *City of Cincinnati*, 475 U.S. 469, 478 (1986). To state a claim for municipal liability, a plaintiff must show that a violation of his constitutional rights resulted from a municipal policy or custom. *Monell*, 436 U.S. at 694. A plaintiff may establish such a violation in a number of ways, including by alleging "1) an express policy or custom, 2) an authorization of a policymaker of the unconstitutional practice, 3) failure of the municipality

6

to train its employees, which exhibits a 'deliberate indifference' to the rights of its citizens, or 4) a practice of the municipal employees that is 'so permanent and well settled as to imply the constructive acquiescence of senior policy-making officials.'" *Biswas* v. *City of New York*, No. 12 Civ. 3607 (JGK), 2013 WL 5421678, at *24 (S.D.N.Y. Sept. 30, 2013) (quoting *Pangburn* v. *Culbertson*, 200 F.3d 65, 71-72 (2d Cir. 1999)).

Thus, to survive the motion to dismiss, Plaintiff must allege that the asserted constitutional violations resulted from a municipal policy. Plaintiff does not. Nowhere in the Complaint or the Amended Complaint does Plaintiff allege — even conclusorily[2] — that the alleged constitutional violations resulted from a municipal policy or custom. *See Lindsey* v. *Butler*, No. 11 Civ. 9102 (RWS), 2013 WL 3186488, at *5 (S.D.N.Y. June 24, 2013) (dismissing claims against the City of New York where plaintiff only proffered conclusory allegation that officers acted according to municipal policy); *see generally Triano* v. *Town of Harrison*, 895 F. Supp. 2d 526, 535-36 (S.D.N.Y. 2012).[3] Thus, Plaintiff's

---

[2]   Even if Plaintiff had alleged this in a conclusory fashion, it would still not be sufficient to survive a motion to dismiss. The Second Circuit has held that, at the pleading stage, "'the mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Dwares* v. *City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds*, *Leatherman* v. *Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993); *see also Costello* v. *City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of *pro se* plaintiff's *Monell* claim because "the complaint does not allege facts sufficient to show that the 'the violation of his constitutional rights resulted from a municipal custom or policy'" (quoting *DeCarlo* v. *Fry*, 141 F.3d 56, 61 (2d Cir. 1998)); *Missel* v. *County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order) ("[A]llegations that the defendant acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient").

[3]   Moreover, it is well-settled law that a single incident, especially one that involves lower-level employees, cannot support a *Monell* claim. *Ricciuti* v. *N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Monell*, 436 U.S. at 690-91 (1978). Plaintiff's allegations center on one incident: his February 1, 2009 arrest and subsequent

claims against the City must be dismissed.  *See, e.g., Houston* v. *Nassau Cnty.*, No. 08 Civ. 0882 (JFB) (WDW), 2009 WL 605178, at *3 (E.D.N.Y. Mar. 6, 2009) (dismissing *Monell* claim where *pro se* plaintiff "ha[d] failed to identify any policy or custom that is the basis for such a claim" in connection with the alleged violation of his constitutional rights).

### 2. Plaintiff Is Barred From Asserting a Claim Under New York State Law Against the City

Under New York State law, any claims against a municipality must be preceded by a notice of claim that must be filed within 90 days after the claim arises.  *See* New York General Municipal Law § 50-i(1) ("[n]o action or special proceeding shall be prosecuted or maintained against a city … unless, [*inter alia*,] a notice of claim shall have been made and served upon the city"); *id.* § 50-e(l)(a) (a notice of claim must be filed 90 days after the claim arises); *see generally Stevens* v. *City of New York*, No. 10 Civ. 2172 (KBF), 2012 WL 5862659, at *3 (S.D.N.Y. Nov. 14, 2012).  The law is clear that: (i) courts must strictly construe notice of claim requirements, *see Hardy* v. *New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999), and (ii) the burden remains with the plaintiff to "demonstrate compliance with the Notice of Claim requirement" in all respects, *Horvath* v. *Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) (citing *Rattner v. Planning Comm'n of Vill. of Pleasantville*, 548 N.Y.S.2d 943 (1989)).  "[F]ailure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of [a

---

prosecution for that arrest.  For this reason, in addition to those discussed throughout this Opinion, Plaintiff has failed to allege a claim for municipal liability.

plaintiff's] claims." *Smith* v. *City of New York*, No. 04 Civ. 3286 (TPG), 2010 WL 3397683, at *5, 14-15 (S.D.N.Y. Aug. 27, 2010) (quotation marks omitted) (collecting cases).

There is no evidence that Plaintiff filed a notice of claim in connection with the alleged violations; as such, his New York State law claims against the City must also be dismissed.[4] *See Faruki* v. *City of New York*, No. 10 Civ. 9614 (LAP), 2012 WL 1085533, at *10 (S.D.N.Y. Mar. 30, 2012) ("The appropriate remedy for failure by the plaintiff to comply with statutory notice of claim requirement[s] is dismissal of the action, even if the claim is meritorious." (internal quotation marks omitted) (quoting *PBS Bldg. Sys., Inc.* v. *City of New York*, No. 94 Civ. 3488 (JGK), 1996 WL 583380, at *3 (S.D.N.Y. 1996)); *Russell* v. *Cnty. of Nassau*, 696 F. Supp. 2d 213, 245 (E.D.N.Y. 2010) (holding that the burden is on the plaintiff to plead compliance with New York State's notice of claim requirements.).

### CONCLUSION

Defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to terminate Docket Entry 21, and to close the case.

SO ORDERED.

Dated: November 12, 2013
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[4]     Defendant correctly notes that Plaintiff's claim for false arrest accrued on or about February 1, 2009, the date Plaintiff was likely arraigned. (Def. Br. 9-10). Plaintiff's claim for malicious prosecution accrued on March 28, 2011, the date his criminal case was dismissed. (*Id.*). Thus, at the very latest, Plaintiff had until June 27, 2011, to file his notice of claim. Plaintiff has not alleged that he filed such a claim, and Defendant, upon information and belief, states that Plaintiff did not file such notice of claim.